Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6ᵗʰ Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CASTRO RODRIGUEZ, on behalf of himself, and others similarly situated, | Case No.   16 Civ. 8161 |
| Plaintiffs | **FLSA COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| QL WHOLESOME FOOD, INC., *dba* QUANTUM LEAP RESTAURANT, and QUI KE HUYNH, individually, | **ECF Case** |
| Defendants. | |

---

Plaintiff, Castro Rodriguez (hereinafter, "Plaintiff"), on behalf of himself, and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants QL Wholesome Food, Inc., *doing*

*business as* Quantum Leap Restaurant, or any other corporate entity doing business as

Quantum Leap, located at 226 Thompson Street, New York, New York 10012

("Quantum Leap"), and Qui Ke Huynh, individually (collectively referred to as

"Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the

Defendants: (a) unpaid wages and minimum wages; (b) unpaid overtime compensation;

(c) reimbursement of unlawfully retained gratuities; (d) liquidated damages, (e) prejudgment and post-judgment interest; and (f) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid wages and minimum wages; (b) unpaid overtime compensation; (c) reimbursement of unlawfully retained gratuities; (d) unpaid spread of hours premiums pursuant to the New York Labor Law; (e) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (f) prejudgment and post-judgment interest; and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Queens County, in the City of New York.

6.      Defendant QL Wholesome Food, Inc., *dba* Quantum Leap is a business entity organized under the laws of the State of New York, with a primary business address of 226 Thompson Street, New York, New York 10012.

2

7.     Upon information and belief, QL Wholesome Food, Inc., owns and operates a restaurant known as Quantum Leap, which employed Plaintiff as a delivery person, kitchen helper, and dishwasher.

8.     Quantum Leap prepares and sells healthy and vegetarian food and drink products to the general public.

9.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

10.    Upon information and belief, the corporate defendant, is a successor company to Zen Burger Company, Inc., owned and operated through the same individual or corporate management, and employed plaintiff continuously, commencing in 2005 through October 3, 2016.

11.    Upon information and belief, as successor, defendant QL Wholesome Food, Inc., acquired and has continued, without interruption or substantial change, the business operations and trade name of the predecessor corporate entity, and is liable for the debts and liabilities of its predecessor.

12.    Defendant, Qui Ke Huynh is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of QL Wholesome Food, Inc. *dba* Quantum Leap, who actively participated, and continues to actively participate in the day-to-day operations of QL Wholesome Food, Inc. *dba* Quantum Leap, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law

3

§ 2 and the Regulations thereunder, and is jointly and severally liable with QL Wholesome Food, Inc. *dba* Quantum Leap.

13.     Defendant, Qui Ke Huynh employed Plaintiff and others similarly situated, pursuant to the FLSA and New York Labor Law.

14.     The Individual Defendant exercised control over the terms and conditions of Plaintiff's employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

15.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants, both individually and jointly were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

16.     Defendants employed Plaintiff in New York County, New York to work as a non-exempt delivery person, kitchen helper / food preparation assistant, and dishwasher for Quantum Leap.

17.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

18.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

4

## STATEMENT OF FACTS

19.     In or about 2005, Defendants hired Plaintiff Castro Rodriguez to work as a non-exempt delivery person, kitchen helper and food preparation assistant, and dishwasher at Defendants' restaurant known as Quantem Leap, located at 226 Thompson Street, New York, New York 10012.

20.     Plaintiff Castro Rodriguez worked for the Defendants in the same capacity, through October 3, 2016, with the exception of approximately six (6) months in 2011, when he did not work for the Defendants.

21.     During the course of Plaintiff's employment by Defendants, he worked well over forty (40) hours per week.

22.     Throughout most of his employment, Plaintiff worked 11:00 a.m. until 11:00 p.m., six (6) days a week for a total of approximately seventy-two (72) hours each week.

23.     Throughout his employment, Plaintiff did not receive proper minimum wages or overtime compensation.  Defendants paid Plaintiff $75.00 per day on days when Plaintiff did deliveries (approximately four (4) days per week); and $90.00 per day when Plaintiff was a dishwasher (approximately two (2) days per week). Defendants failed to pay Plaintiff at the proper statutory minimum wage rate for all hours worked.

24.     Plaintiff was required to purchase, repair and maintain a bicycle at his own expense.

## GENERAL ALLEGATIONS

25.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

26.     When he did deliveries, Defendants withheld fifteen percent (15%) of Plaintiff's gratuities.

27.     Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

28.     At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

29.     Plaintiff was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, an hourly rate calculation, any deductions, and compensation.

30.     Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiff, the proper minimum wage afforded to tipped employees, and (iii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of his working hours each workday.

6

31. The Individual Defendant owns the stock of Quantum Leap and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action individually and as representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since October 2013 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage; who were forced to purchase and maintain the tools of their trade, (*i.e.,* a bicycle, helmet, and uniform); and who were not paid overtime compensation.

33. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than fifty (50) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

34. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

7

35.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

36.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

37.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

        a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

        b.     Whether the Defendants failed to pay the Plaintiff and the Collective Action Members statutory minimum wages and overtime compensation;

      c.      Whether the Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA; and,

      d.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

38.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

39.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

### STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

40.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.     At all relevant times, upon information and belief, the Corporate Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

44. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

45. Defendants willfully failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

46. Plaintiff and the collective action members were entitled to be paid for all hours worked and at the rate of time and one-half the minimum rate of pay for hours worked in excess of forty (40) each week.

47. At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages for all hours worked.

48. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

50. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

51. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiffs which may be in the possession and custody of

the Defendants may be false as Plaintiff was not given a weekly statement of his hours and wages.

52.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

53.     As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

55.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

56.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

58.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages for all hours worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

59.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked a span of more than ten (10) hours pursuant to New York State Department of Labor Regulations § 142-2.4.

60.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

61.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

63.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

64.     Defendants did not provide Plaintiff, with a written statement properly accounting for his actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

65.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

66.      Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67.      Plaintiff was not provided with true and accurate weekly wage statements as required by law.

68.      Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## COUNT IV
### [Unlawfully Requiring Plaintiff to Purchase and Maintain the Tools of His Trade]

69.      Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70.      The FLSA prohibits employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer. 29 U.S.C. § 201 *et. seq.*; 29 C.F.R. § 531.35.

71.      Defendants required Plaintiff to purchase and maintain bicycles and helmets to make deliveries.  Plaintiff had to pay for his own maintenance and repairs to the bicycles.  Defendants did not reimburse Plaintiff for these costs.

72.      Due to the intentional, willful and unlawful acts of the Defendants in requiring Plaintiff to purchase, repair and maintain bicycles, Plaintiff is entitled to compensatory damages, an equal amount as liquidated damages, and prejudgment interest thereon.

73.      Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

13

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation, pursuant to 29 U.S.C. § 216;

(c)     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(f)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       October 19, 2016

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102

By: _____

Peter H. Cooper (PHC 4714)

14

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Castro Rodriguez_, am an employee currently or formerly employed by _Quantum leap_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_10/13_, 2016